IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| JOSEPH SAVERI LAW FIRM, INC., a California Corporation and JOSEPH R. SAVERI, <br><br> Plaintiffs, <br><br> MICHAEL E. CRIDEN, P.A., dba CRIDEN & LOVE, P.A., a Florida corporation, <br><br> Defendant. | * <br> * <br> * CASE NO. 1:17-cv-01603-RDB <br> * <br> * <br> * <br> * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DECLARATION OF ROBERT H. BUNZEL IN SUPPORT OF PLAINTIFFS' AND CROSS-DEFENDANTS' MOTION FOR RULE 11 SANCTIONS**

I, ROBERT H. BUNZEL, declare under penalty of perjury that the following statements are true and correct and, except where qualified, based on my personal knowledge:

1. I am co-counsel for plaintiffs the Joseph Saveri Law Firm, Inc. and Joseph R. Saveri ("plaintiffs") in this action. I have personal knowledge of the within facts except those asserted on belief which I believe to be true, and I am competent to testify thereto if called upon to do so.

2. Attached hereto as Exhibit A is a true and correct copy of plaintiffs' counsel James P. Ulwick's June 29, 2017 letter to counsel for Criden & Love P.A. ("Criden") advising that plaintiffs intend to file a Rule 11 motion should Criden continue its pursuit of the claims that are the subject of this action.

3. Attached hereto as Exhibit B is a true and correct copy of page 94 of the deposition of Kevin B. Love, taken November 20, 2014 in Miami, Florida in that action entitled *Joseph Saveri Law Firm, et al. v. Michael E. Criden, P.A.*, 3-14-cv-1740 EDL, United States District Court for the Northern District of California (hereinafter "Northern District of California Action").

4. Attached hereto as Exhibit C is a true and correct copy of page 55 of the deposition of Michael E. Criden, taken November 21, 2014 in Miami, Florida in the Northern District of California Action.

5. The other Exhibits that support this motion are specifically identified in the accompanying Memorandum of Points and Authorities by specific references to the exhibits filed in this case attached to the Declaration of Joseph R. Saveri, Dkt. 13-2 filed July 14, 2017, and the Declaration of Robert H. Bunzel, Dkt. 31-1 also filed July 14, 2017.

I declare under penalty of perjury under the laws of the United States of America and on personal knowledge that the foregoing is true and correct.

Executed on this 18th day of August, 2017.

_____
ROBERT H. BUNZEL

# EXHIBIT A

LAW OFFICES
# KRAMON & GRAHAM, P.A.
ONE SOUTH STREET
SUITE 2600
BALTIMORE, MARYLAND 21202-3201
TELEPHONE: (410) 752-6030
FACSIMILE: (410) 539-1269

www.kramonandgraham.com

JAMES P. ULWICK
DIRECT DIAL
(410) 347-7426

ALSO ADMITTED IN DC

E-MAIL
julwick@kg-law.com
DIRECT FACSIMILE
(410) 361-8206

June 29, 2017

**VIA E-MAIL (sphillips@semmes.com)**

Scott H. Phillips, Esquire
Semmes, Bowen & Semmes
25 South Charles Street, Suite 1400
Baltimore, Maryland 21201

Re: Joseph Saveri Law Firm, Inc., *et al* v. Criden & Love, P.A.
United States District Court for the District of Maryland
Civil Action No.: 1:17-CV-01603-RDB

Dear Scott:

The purpose of this letter is to request that your client, Criden & Love, P.A. ("Criden") agree that judgment should be entered in favor of Plaintiffs Joseph Saveri and Joseph Saveri Law Firm, Inc. (collectively "Plaintiffs") in the above-captioned case. To be clear, this letter is also sent to give you notice that my clients intend to file a motion pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, requesting the attorney's fees Plaintiffs will expend in obtaining that judgment. If Criden consents to judgment now however, Plaintiffs will not file the Rule 11 motion, and will not make any claim for attorney's fees in this case.

You and I are both new to this case, but our clients have been engaged in litigation since early 2014, and are fully familiar with the issues. The parties litigated the case to judgment in favor of Plaintiffs in the Northern District of California. Having taken discovery, briefed cross-motions for summary judgment, and having received a decision by a respected federal judge rejecting its legal claims, Criden knows that it has no basis to continue to contend that Plaintiffs owe Criden anything. After a failed effort to compel Plaintiffs to arbitrate, the pleading and submission of all parties' claims before the District Court in California, full discovery on the merits, a merits result unfavorable to your clients based on ethical violations of the rules of two states and a finding of fact that Mr. Saveri "openly communicated an intent not to pay" your clients, followed by an appeal that avoided finality by re-raising jurisdiction, the issues have been fully and expensively litigated. Under the circumstances, we think that it is clear that Criden does not have a good-faith basis to defend this case.

I apologize for starting our relationship in this case with a letter like this, but we believe that any further claims by Criden against Plaintiffs are frivolous, and we expect that Judge Bennett will agree. The further expenditure of attorney's fees on this matter is wasteful under

17285/0/02420660.DOCXv1

Scott H. Phillips, Esquire
June 29, 2017
Page 2

these circumstances. We hope Criden will agree. If it does not, however, it needs to be aware that Plaintiffs will ask for their fees when they win the case.

    I look forward to your response.

                                    Very truly yours,

                                    James P. Ulwick

JPU/tal

# EXHIBIT B

```
 1              UNITED STATES DISTRICT COURT
 2            NORTHERN DISTRICT OF CALIFORNIA
 3                 SAN FRANCISCO DIVISION
 4
    JOSEPH SAVERI LAW FIRM, INC.,           CERTIFIED
 5  a California corporation, and           TRANSCRIPT
 6  JOSEPH R. SAVERI,
 7           Plaintiffs,
    VS.                                     No. 3:14-cv-1740
 8  MICHAEL E. CRIDEN, P.A. dba CRIDEN &    EDL
 9  LOVE, P.A., a Florida corporation,
10           Defendant.

11  MICHAEL E. CRIDEN, P.A. dba CRIDEN &
12  LOVE, P.A., a Florida corporation,
13           Counterclaimant,
    VS.
14  JOSEPH SAVERI LAW FIRM, INC.,
15  a California corporation, and
16  JOSEPH R. SAVERI,
17           Counter Defendant.

18       Videotaped Deposition of KEVIN B. LOVE, ESQ.
19       taken 2601 South Bayshore Drive, Suite 800,
20       Miami, Florida, commencing at 9:43 a.m.,
21       Thursday, November 20, 2014 before Beverly
22       Bourlier James, RPR, CRR and Notary Public.
23
24  JOB No. 1956965
25  PAGES 1 - 240
```

Page 1

```
1      Q.      That was probably through Linda?
2      A.      Yeah, yeah.
3      Q.      Okay, and turn to page 9 of Exhibit 7.
4      A.      I'm sorry, page 9?
5      Q.      Page 9, paragraph 28.
6      A.      Okay.
7      Q.      It reads, "On June 1, 2012, Saveri left
8  Lieff Cabraser and opened up his own law firm called
9  the Joseph Saveri Law Firm. On that same day,
10 apparently hoping to avoid any referral obligation to
11 Criden & Love, Saveri filed a notice of appearance on
12 behalf of a different Plaintiff that had entered the
13 case in July 2011." Do you see that?
14     A.      I do.
15     Q.      And as I understand your testimony,
16 currently, you believe that's accurate, that Saveri's
17 intent in or about June 1, 2012 was to avoid any
18 referral obligation?
19     A.      As I sit here today, yes, that's what I
20 currently believe based on his conduct, yes. There
21 doesn't seem to be any other explanation.
22     Q.      Could you turn to page 11? At the last
23 sentence of paragraph 34 at the top reads, "Thus, had
24 Saveri stayed at Lieff Cabraser through the end of
25 the case, Lieff Cabraser and Gold Bennett as the two
```

Page 94

```
 1                    C E R T I F I C A T E
 2
 3   STATE OF FLORIDA:
 4   COUNTY OF MIAMI-DADE:
 5           I, BEVERLY BOURLIER JAMES, a Notary Public
 6   for the State of Florida at Large, hereby certify
 7   that I reported the deposition of KEVIN LOVE,
 8   ESQUIRE; and that the foregoing pages constitute a
 9   true and correct transcription of my shorthand report
10   of the deposition by said witness on this date.
11           I further certify that I am not an attorney
12   or counsel of any of the parties, nor a relative or
13   employee of any attorney or counsel connected with
14   the action nor financially interested in the action.
15           WITNESS my hand and official seal in the
16   State of Florida, this 1st day of December, 2014.
17
18
19
20
21              [signature: Beverly James]
                BEVERLY BOURLIER JAMES
22              My Commission #EE091768
23              Expires September 9th, 2015
24              Florida Professional Reporter
25              NCRA Realtime Systems Administrator
```

Page 240

# EXHIBIT C

```
 1                UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF CALIFORNIA
 2                  SAN FRANCISCO DIVISION
                 CASE NO. 3:14-cv-1740 EDL
 3

    JOSEPH SAVERI LAW FIRM, INC., a
 4  California corporation, and JOSEPH R.
    SAVERI,
 5              Plaintiffs,
 6  VS.
    MICHAEL E. CRIDEN, P.A. dba CRIDEN &
 7  LOVE, P.A., a Florida corporation,
 8              Defendant.
                                                 /

 9  MICHAEL E. CRIDEN, P.A. dba CRIDEN &
10  LOVE, P.A., a Florida corporation,
                Counterclaimant,
11  VS.
12  JOSEPH SAVERI LAW FIRM, INC., a
    California corporation, and JOSEPH R.
13  SAVERI,
                Counter Defendant.
14                                               /
15
      VIDEOTAPED DEPOSITION OF MICHAEL E. CRIDEN, ESQUIRE
16              Mase Lara, P.A.
                2601 South Bayshore Drive
17              Suite 800
                Miami, Florida 33133
18              Friday, November 21, 2014
19              10:38 a.m. - 1:11 p.m.
20
    Before Beverly Bourlier James, Registered
21  Professional Reporter, Certified Realtime
22  Reporter and Notary Public in and for the State of
23  Florida at Large.
24
25  PAGES 1 - 108
```

**CERTIFIED TRANSCRIPT**

Page 1

```
 1              MR. MASE:  Page 14, yeah.
 2              MR. BUNZEL:  Paragraph 28.
 3              MR. MASE:  Thank you.
 4     BY MR. BUNZEL:
 5         Q.   Got that wrong.
 6         A.   Okay, I'm with you.
 7         Q.   All right.  The paragraph reads, "On
 8     June 1, 2012, apparently hoping to dodge any referral
 9     obligation to Criden & Love, Saveri filed a notice of
10     appearance on behalf of a different Plaintiff, East
11     Coast Colorants, LLC d/b/a Breen Color Concentrates,
12     Breen, that had intervened in the case six months
13     earlier."  Do you see that?
14         A.   Yes, I do.
15         Q.   Did you review this counterclaim filed in
16     the Northern District of California before it was
17     filed?
18         A.   Yes, I believe I did.
19         Q.   And you believe that allegation is
20     accurate?
21         A.   Looking back on what's transpired,
22     absolutely.
23         Q.   So you believe that by filing the notice of
24     appearance that we just looked at, Exhibit 43, that
25     Mr. Saveri was trying to dodge any referral fee
```

Page 55

```
 1                    C E R T I F I C A T E
 2
 3   STATE OF FLORIDA:
 4   COUNTY OF MIAMI-DADE:
 5           I, BEVERLY BOURLIER JAMES, a Notary Public
 6   for the State of Florida at Large, hereby certify
 7   that I reported the deposition of MICHAEL E. CRIDEN,
 8   ESQUIRE; and that the foregoing pages constitute a
 9   true and correct transcription of my shorthand report
10   of the deposition by said witness on this date.
11           I further certify that I am not an attorney
12   or counsel of any of the parties, nor a relative or
13   employee of any attorney or counsel connected with
14   the action nor financially interested in the action.
15           WITNESS my hand and official seal in the
16   State of Florida, this 1st day of December, 2014.
17
18
19
20           [signature]
21           BEVERLY BOURLIER JAMES
             Registered Professional Reporter
22           Certified Realtime Reporter
23           Certified LiveNote Reporter
24           Florida Professional Reporter
25           NCRA Realtime Systems Administrator
```

Page 108